IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:15-cv-00045-SMR |
| | ) | Case No. 3:13-cr-00015-SMR-HCA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGELO PETER EFTHIMIATOS, | ) | INITIAL REVIEW ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court pursuant to the February 10, 2015, Motion to Vacate, Set Aside, or Correct Sentence (2255) ("2255 Motion") [Civ. ECF No. 1] and supporting brief ("2255 Brief") [Civ. ECF No. 1-1] filed by Angelo Peter Efthimiatos ("Defendant").[1] This is an initial review order of the 2255 Motion in a case of a conspiracy involving transportation of marijuana from California to Connecticut by airplane and a landing in Iowa following oil pressure problems.

For the reasons set forth below, the 2255 Motion is DENIED, and the case is DISMISSED in its entirety.

## I. BACKGROUND

Factual background of this case is detailed in the Court's prior order filed on October 8, 2013. [Crim. ECF No. 78]. The Court will not restate it here.

---

[1] Defendant attempted to file "courtesy copies" of the 2255 Motion with several judges of the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"). Because that court's review of the 2255 Motion is improper, all copies were forwarded to this Court's clerk's office and stored electronically. [Civ. ECF Nos. 2-1; 2-2; 2-3].

*A. Procedural Background*

On August 22, 2013, a grand jury returned a two-count superseding indictment, charging Defendant with drug conspiracy in Count 1s, and with possession and distribution of drugs in Count 2s.[2]   [Crim. ECF No. 37 at 1–2].   The superseding indictment followed a February 20, 2013, Criminal Complaint [Crim. ECF No. 1] and a March 21, 2013, original Indictment [Crim. ECF No. 12].   On July 15, 2013, Defendant, through counsel, filed motions to suppress statements and evidence [Crim. ECF Nos. 20; 21].   In September 2013, the Court held a two-day suppression hearing in the case.   [Crim. ECF Nos. 56; 66].   The parties submitted supplemental briefing on suppression matters thereafter.   [Crim. ECF Nos. 74; 76].   The Court ultimately denied Defendant's motion to suppress evidence [Crim. ECF No. 21] but granted in part Defendant's motions to suppress statements [Crim. ECF No. 20].   [Crim. ECF No. 78].   Defendant entered a plea of guilty to both counts on December 20, 2013, which the Court accepted on January 10, 2014.   [*See* Crim. ECF Nos. 97; 110; 119].   There was no plea agreement in this case.   At the change of plea hearing, Defendant agreed to forfeit a cell phone and an iPad but contested forfeiture of two planes.   [Crim. ECF No. 119].   Following a forfeiture hearing, the Court ordered forfeiture of both planes.   [Crim. ECF No. 181].

---

[2] Count 1s charged Defendant with conspiring with Michael Efthimiatos, his brother, and other persons unknown to the Grand Jury, to manufacture, distribute, and possess with intent to distribute 50 kilograms or more of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.   [Crim. ECF No. 37 at 1.]   Count 2s charged Defendant with possession with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D).   [Crim. ECF No. 37 at 2.]   The jury found Michael Efthimiatos guilty of the lesser included offense in Count 1s, namely, conspiracy to possess with intent to distribute marijuana.   [Crim. ECF No. 156 at 2].

The Court sentenced Defendant to 57 months of incarceration on each count, to run concurrently; and to a three-year term of supervised release to follow on Count 1s, and a two-year term of supervised release to follow on Count 2s, to run concurrently.[3]  [Crim. ECF Nos. 212; 230]. Defendant appealed the Court's judgment on July 3, 2014 [Crim. ECF Nos. 219–222].  On February 25, 2015, the Eighth Circuit affirmed this Court's drug quantity calculation at sentencing, as well as its orders on restitution and forfeiture.  [Crim. ECF No. 255]; *United States v. Efthimiatos*, No. 14-2612, 2015 WL 774544, at *1 (8th Cir. Feb. 25, 2015) (per curiam).

### B. The 2255 Motion Is Timely

As a preliminary matter, the Court notes the 2255 Motion was premature but is now properly before it.  The Court entered its judgment of conviction against Defendant on June 19, 2014 [Criminal ECF No. 212]; the Eighth Circuit affirmed on February 25, 2015 [Crim. ECF No. 255], issuing its mandate on April 27, 2015 [Crim. ECF No. 262]; and Defendant did not file a petition for certiorari.  Defendant's February 10, 2015, 2255 Motion was  premature at the time it was first filed.  *See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir.1992) ("Because Ziebarth filed this motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed."); *see also Blade v. United States*, 266 F. App'x 499 (8th Cir. 2008) (unpublished) (discussing dismissal of a 2255 motion without prejudice when a direct appeal was pending).  The Eighth Circuit has since affirmed this Court's reasoning, however, and the judgment is final.  The 2255 Motion is thus now properly before the Court.

---

[3] The Court also ordered a $200 special assessment, as well as $5,000 in restitution for damage Defendant caused to a rented airplane.  [Crim. ECF No. 212].

### C. The Remaining Motions Are Moot[4]

As noted earlier, Defendant filed his 2255 Motion while his direct appeal was pending. Following his 2255 Motion, Defendant also filed the following motion-like documents:

(1) April 6, 2015, Motion for Summary Judgment filed in the civil case [Civ. ECF Nos. 3; 4];

(2) May 4, 2015, Motion for Amended Judgment and Commitment Order, with attached cases, filed in the criminal case [Crim. ECF No. 264];

(3) May 8, 2015, Motion for Amended Judgment and Commitment Order filed in the civil case that appears to be an exact replica of the previous mailing but for the signature and attached cases  [Civ. ECF No. 5];

(4) May 13, 2015, Motion for Amended Judgment and Commitment Order filed in the civil case that is again identical to the first but for the signature and attachments [Civ. ECF No. 6]; and

(5) June 2, 2015, Emergency Motion to Sign Amended Judgment and Commitment Order filed in the criminal case [Crim. ECF No. 266].

The Court finds each of the five "motions" moot.  The last four are based on Defendant's mistaken assumption the Government had a duty to respond to Defendant's motion for summary judgment.  [*See* Crim. ECF Nos. 264; 266].  The Government was not required to respond to either

---

[4] Prior to this Initial Review Order, Defendant filed several other documents by mailing them from his penitentiary in Pennsylvania and from New York, presumably through his wife.  As a preliminary matter, the Court notes the filings originating from New York lack Defendant's signature, in violation of the relevant rules.  *See* Rules Governing Section 2255 Proceedings for the United States District Courts Rule 2(b)(5) (noting the filing must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant"); LR 11 ("A filing must be signed by the party on whose behalf the filing is made . . . .").  Still, the Court takes note of each filing in this Order, and no supplementation is necessary.

Defendant's 2255 Motion or his motion for summary judgment because the Court had not yet conducted its initial review.  *See* Rules Governing Section 2255 Proceedings for the United States District Courts Rule 4(b) ("2255 Rules") (requiring district courts to conduct an initial review of 2255 filings and to either dismiss the petition or direct the Government to respond).  Defendant's misunderstanding appears to stem from a lack of familiarity with the law, as well as the electronic docket's automatic response time stamp on the motion for summary judgment.  [*See* Civ. ECF No. 3].  The automatically generated e-docket response timelines are not Court orders in this context and exist for the purpose of case management.  They do not control the outcome here.  By not responding up to this point, the Government committed no error.[5]  *See* Rule 5(a) of the 2255 Rules (without a court order, the Government need not respond).  Consequently, none of Defendant's related requests are proper.  Each motion is DENIED as moot.

The Court now turns to its initial review of the 2255 Motion under Rule 4 of the 2255 Rules.

## II. STANDARD OF REVIEW

Upon the filing of a § 2255 motion, the Court must first conduct an initial review under Rule 4.  If it plainly and conclusively appears from the motion, any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the Court must summarily dismiss the motion.  *See* 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings.

---

[5] Out of abundance of caution, the Government did file a May 14, 2015, response to one of Defendant's motions for amended judgment [Civ. ECF No. 7], seeking a dismissal of both the motion for an amended judgment and the motion for summary judgment.  Defendant replied [Civ. ECF No. 8] on May 22, 2015.  The Government is correct that dismissals of Defendant's motions for summary judgment and amended judgment must follow.

Title 28, of the United States Code, § 2255, provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground (1) that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing."  *United State v. Addonizio*, 442 U.S. 178, 185 (1979).  Rather, § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure."  *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))).  A § 2255 claim is a collateral challenge and not interchangeable for a direct appeal.  *See United States v. Frady*, 456 U.S. 152, 165 (1982).  An error that could be reversed on direct appeal "will not necessarily support a collateral attack on a final judgment."  *Id.*

### III. ANALYSIS

Defendant alleges what appears to be seven claims in his 2255 Motion.  He seeks a vacation of his conviction and sentence, arguing (1) impropriety of venue; (2) ineffective assistance of counsel; (3) violations of his Speedy Trial Act rights; (4) violations of the Fourth Amendment; (5) governmental misconduct; (6) a non-existence of conspiracy; and (7) "forfeiture and other

sentencing errors." [2255 Br. at 2–64].  If it plainly and conclusively appears from the filings and the record of the prior proceedings that Defendant is not entitled to relief, the Court will summarily dismiss the 2255 Motion.  *See* 28 U.S.C. § 2255; Rule 4(b) of the  of 2255 Rules.  As discussed below, it indeed does plainly and conclusively appear from Defendant's filings and the record of the criminal case that he is not entitled to relief on any of his claims.  Consequently, none survive this initial review.

### A. Alleged Venue Impropriety

First, Defendant raises an allegation of improper venue.  This argument comes before the Court for the first time in Defendant's 2255 Motion.  Positing that, "[u]nder the [G]overnment's theory of venue, Dorothy could be tried in Oz for marijuana possession and distribution just because her house from Kansas happened to land there," [2255 Br. at 16], Defendant argues venue in Iowa was improper when based on only an "emergency landing." [2255 Br. at 13].  He claims that, to the extent any conspiracy existed, venue for the trial should have laid in Connecticut, where "[his brother] Michael planned to sell the his drugs." [2255 Br. at 17].[6]  Defendant is not entitled to relief on his venue objection.

The Eighth Circuit has declared venue objections improper in § 2255 proceedings.  Namely, it has held that "[v]enue is not subject to collateral attack under 2255."  *Entrekin v. United States*, 508 F.2d 1328, 1330 (8th Cir. 1974); *see also Houser v. United States*, 508 F.2d 509, 515 (8th Cir.

---

[6] In support of his argument, Defendant relies on the *Cabrales* line of cases.  *See United States v. Cabrales*, 524 U.S. 1 (1998) (holding there was no venue in Missouri for money laundering counts where all the laundering alleged in the indictment occurred in Florida, even though the deposited funds allegedly derived from illegal narcotics activity in Missouri).  *Cabrales* is inapposite here, as the crimes in that case took place wholly within Florida.  In contrast, this case is a cross-country drug conspiracy.

1974) (claim of improper venue in the trial court is not cognizable under 2255).  Defendant thus cannot raise this argument now.[7]

The Court is aware of the importance of construing *pro se* filings liberally.  Defendant's 2255 Motion suggests he did not raise the venue objection earlier because "counsel stated it needed to be brought up in my (2255)."  [2255 Mot. at 3–4].  Even if this Court were to liberally construe Defendant's venue objection as part and parcel of his ineffectiveness of counsel claim,[8] however, his claim would still fail.  Here, Defendant must show both deficient performance by defense counsel and prejudice.  *See generally Strickland v. Washington*, 466 U.S. 668 (1984) (setting out the two-pronged test for claims of ineffective assistance of counsel).  Because he cannot show deficiency of performance, the Court need not consider the prejudice prong.[9]

Specifically, Defendant cannot establish deficiency of performance because any challenge to venue by Ms. Helphrey would have been futile.  Venue was proper in Iowa.  An offense "begun

---

[7] Even if the claim were cognizable, the objection would have been waived. Defendant did not raise the objection to venue during pre-trial motions, before entering his guilty plea, or on his direct appeal.  As a result, it was waived by the time he reached direct appeal, let alone this collateral proceeding.  *See United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir. 1979) ("When lack of proper venue is apparent on the face of an indictment, venue objections are waived if not made prior to trial."); *Hayes v. United States*, 296 F.2d 657, 667 (8th Cir. 1961) ("[T]he right of a defendant to be tried in a particular venue is a personal privilege which can be waived.").

[8] Defendant appears to suggest this advice came from his first trial counsel, Diane Helphrey. [2255 Mot. at 21 (suggesting Ms. Helphrey advised him venue and other issues would be preserved if Defendant took an "open plea")].  Ms. Helphrey was Defendant's counsel until pre-plea withdrawal due to conflict on November 13, 2013.  John Lane was Defendant's counsel beginning November 14, 2013, including during his December 20, 2013, change of plea hearing.  Defendant does not raise a claim of ineffective assistance against Mr. Lane.

[9] A defendant must satisfy both prongs of the test to succeed on the claim.  *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.").

in one district and completed in another" may be "prosecuted in any district in which [the] offense was begun, continued, or completed." 18 U.S.C. § 3237(a).[10]  Furthermore, "venue is proper in conspiracy cases 'in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators.'"  *Prosper v. United States*, 218 F.3d 883, 884 (8th Cir. 2000) (citing *United States v. Bascope-Zurita*, 68 F.3d 1057, 1062 (8th Cir.1995), *cert. denied*, 516 U.S. 1062 (1996)).  Defendant, of course, was himself apprehended in possession of marijuana in Iowa.  The emergency nature of Defendant's landing in Iowa, mid-crime, does not render venue here improper.  Certainly, venue for a prosecution of an interstate vehicular trafficking bust would not turn on whether the stop followed a flat tire, as opposed to a scheduled rest break at a scenic cliff. Defendant's contention that the sole proper venue was Connecticut—the intended destination for the drugs—is incorrect.  *See* 18 U.S.C. § 3237(a).    Ms. Helphrey's performance was not constitutionally deficient, and Defendant's venue-based ineffectiveness claim must fail.

For these reasons, it plainly and conclusively appears from the 2255 Motion and the record here that Defendant is not entitled to relief on the issue of improper venue.  The Court summarily dismisses the 2255 Motion as to this claim.  *See* 28 U.S.C. § 2255; Rule 4(b) of the 2255 Rules.

### B. Alleged Violations of Speedy Trial Rights

Defendant next alleges violations of his Speedy Trial Act rights, 18 U.S.C. §§ 3161–3174. [2255 Br. at 22–30].  He attempts to persuade the Court with the fact that "no less than a dozen inmates have sat with [him] and reviewed [his] case . . . [and] ALL immediately picked up on the

---

[10] *See also* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.  The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.").

fact that there were clearly several, and not just one, but four [Speedy Trial Act] Clock violations." [2255 Br. at 27].  Performing a variety of questionable calculations throughout his docket, Defendant asks this Court to order his immediate release from prison.

The Court does not reach the merits of Defendant's alleged violations of the Speedy Trial Act because he waived the issue.  *Taylor v. United States*, 204 F.3d 828, 829 (8th Cir. 2000) ("Taylor pleaded guilty to count I without ever having moved to dismiss the indictment on speedy trial grounds and without specifically reserving his right to appeal the speedy trial issue. Furthermore, he filed no direct appeal.  We conclude that Taylor waived his right to raise any argument based on a violation of the Speedy Trial Act when he pleaded guilty."); 18 U.S.C. § 3162 (a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."); *see also United States v. Gonzalez-Arimont*, 268 F.3d 8, 12 (1st Cir. 2001) (joining various sister circuits in holding that a claim under the Speedy Trial Act is a nonjurisdictional defense that is waived by an unconditional guilty plea).[11]   For these reasons, it plainly and conclusively appears from the 2255 Motion and the record here that he is not entitled to relief on this issue.  The Court summarily dismisses the 2255 Motion in this regard.  *See* 28 U.S.C. § 2255; Rule 4(b) of the 2255 Rules.

---

[11] Defendant's allegations of Ms. Helphrey's ineffectiveness in other parts of his 2255 Brief [*see also* 2255 Br. at 18–22] do not change the outcome here.  Defendant availed himself of Mr. Lane's assistance following Ms. Helphrey's withdrawal, including during the change of plea hearing.  Defendant waived any objection to the Court's calculation of the Speedy Trial Act clock when he entered his plea of guilty through his second defense counsel.

*C. Alleged Violations of the Fourth Amendment*

Next, Defendant argues violations of the Fourth Amendment[12] entitle him to a vacation of his conviction and sentence.  [2255 Br. at 30–52].  Defendant raised violations of the Fourth Amendment, through counsel, during his pre-trial motions to suppress.  As previously discussed, the Court denied Defendant's motion to suppress evidence [Crim. ECF No. 21] but granted in part Defendant's motion to suppress statements [Crim. ECF No. 20].  [Crim. ECF No. 78].  Defendant proceeded with a plea of guilty, without a plea agreement, and later appealed.  The Eighth Circuit affirmed this Court's sentence calculation, restitution, and forfeiture.  [Crim. ECF No. 255].

Below, the Court first takes up whether this Fourth Amendment claim is properly before it in a § 2255 proceeding.  It then turns to whether Defendant is entitled to relief thereon.

1. Litigating Suppression Matters in Collateral Proceedings

The Eighth Circuit appears to be in the minority by permitting defendants to present Fourth Amendment matters in § 2255 proceedings.  *Compare Baranski v. United States*, 515 F.3d 857 (8th Cir. 2008), *with Brock v. United States*, 573 F.3d 497 (7th Cir. 2009); *United States v. Ishmael*, 343 F.3d 741 (5th Cir. 2003); *United States v. Cook*, 997 F.2d 1312 (10th Cir. 1993); *United States v. Tisnado*, 547 F.2d 452 (9th Cir. 1976) ("Thus, according to *Stone v. Powell*, a federal court may not grant either § 2254 or § 2255 habeas corpus relief on the basis that evidence obtained in an unconstitutional search or seizure was introduced, respectively, at a state or federal trial where the

---

[12] Defendant does not explicitly raise an argument under *Rodriguez v. United States*, 575 U.S. __ (2015).  Because he does discuss the length of his detention and the inclusion of a K-9 sniff, the Court is compelled to note *Rodriguez* does not impact the outcome here.  First, *Rodriguez* has not been made retroactive.  Second, it is inapplicable here because this is not a case of a police-observed traffic violation with a subsequent traffic stop prolonged beyond its completion for police to conduct a dog sniff.  Instead, law enforcement here had reasonable suspicion for Defendant's detention.  [*See* Crim. ECF No. 78 at 15–19].

defendant was provided an opportunity to litigate fully and fairly his fourth amendment claim before petitioning the federal court for collateral relief.").  In *Stone v. Powell*, the United States Supreme Court held that, where the state had provided an opportunity for full and fair litigation of a Fourth Amendment claim, a *state* prisoner could not secure § 2254 relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his or her trial.  428 U.S. 465, 482 (1976).  The Supreme Court did not address § 2255 proceedings and *federal* prisoners directly then.  The Eighth Circuit reads this precedent to permit claims of unconstitutional search and seizure in § 2255 proceedings—as opposed to § 2254 proceedings—because the supervisory power of a federal appellate court over district courts is broader than its authority to review state court decisions under § 2254.  *Baranski*, 515 F.3d at 860 (citing *Kaufman v. United States*, 394 U.S. 217, 231 (1969) and *Stone*, 428 U.S. at 482 n.16[13]).

Other courts and commentators have read *Stone* to undermine *Kaufman*'s premise, concluding search and seizure claims are generally unavailable in § 2255 proceedings once a defendant had an opportunity below to litigate the matter fully and fairly.  *See, e.g.*, 3 Charles Alan Wright et al., *Federal Practice and Procedure Criminal* § 625 (4th ed.) ("[In] *Stone v. Powell*, the Supreme Court rejected its own earlier decision and held that if the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not obtain federal habeas corpus relief on this claim.  In doing so the Court indicated that a similar rule should apply

---

[13] *Kaufman* preceded *Stone*.  Under *Kaufman*, a claim of unconstitutional search and seizure was cognizable in a § 2255 proceeding.  *Kaufman*, 394 U.S. at 231; *cf. Stone*, 428 U.S. at 482 n.16 ("The issue in *Kaufman* [w]as the scope of [§] 2255.  Our decision today rejects the dictum in *Kaufman* [c]oncerning the applicability of the exclusionary rule in federal habeas corpus review of state-court decisions pursuant to s 2254.  To the extent the application of the exclusionary rule in *Kaufman* [d]id not rely upon the supervisory role of this Court over the lower federal courts . . . , the rationale for its application in that context is also rejected." (internal citation omitted)).

in the § 2255 context."); *United States v. Johnson*, 457 U.S. 537, 562 n.20 (1982) ("After *Stone v. Powell*, . . . the only cases raising Fourth Amendment challenges on collateral attack are those federal habeas corpus cases in which the State has failed to provide a state prisoner with an opportunity for full and fair litigation of his claim, *analogous federal cases* under 28 U.S.C. § 2255, and collateral challenges by state prisoners to their state convictions under postconviction relief statutes that continue to recognize Fourth Amendment claims." (emphasis added)); *Clark v. United States*, 7 F. App'x 758 (9th Cir. 2001) (acknowledging that circuit has applied *Stone* to § 2255 proceedings); *Cook*, 997 F.2d at 1317 ("Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal."); 7 Wayne R. LaFave et al., *Criminal Procedure* § 28.9(b) (3d ed.) ("Following the demise of habeas review of Fourth Amendment claims, such claims were held non-cognizable under § 2255 as well.").

The law of the Eighth Circuit controls this Court. Consequently, the Court finds Defendant is not generally barred from bringing Fourth Amendment claims in this § 2255 proceeding.

## 2. Defendant Is Not Entitled to Relief

Still, Defendant is ultimately not entitled to relief. "A § 2255 petition is not a second direct appeal and issues raised for the first time in a § 2255 petition are procedurally defaulted." *Meeks v. United States*, 742 F.3d 841, 844 (8th Cir.), *cert. denied*, 135 S. Ct. 169 (2014), *and cert. denied*, 135 S. Ct. 198 (2014) (citing *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005)); *Smith v. United States*, 256 F. App'x 850, 852 (8th Cir. 2007) (defendant's illegal search and seizure claims failed because he did not raise them on direct appeal and they were procedurally defaulted).

Defendant's failure to raise the Fourth Amendment issues on direct appeal renders them procedurally defaulted in this case, too.

Procedural default may be excused where a defendant demonstrates actual innocence or cause and prejudice to so excuse the default. *Meeks*, 742 F.3d at 844. Defendant does not raise a proper actual innocence claim, and thus cause and prejudice are his last resort for excusing procedural default here. *See Frady*, 456 U.S. at 167–68 (outlining the cause and prejudice standard). Ineffective assistance of counsel may constitute sufficient cause to excuse procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, Defendant does not frame his Fourth Amendment claim as one of ineffective assistance of counsel. Again, aware that courts generally liberally construe *pro se* pleadings, the Court exercises its discretion to so construe his claim.

Thus, to move forward successfully on a claim of ineffective assistance of counsel, Defendant "must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense." *Matthews v. United States*, 114 F.3d 112, 113–14 (8th Cir. 1997) (citing *Strickland*, 466 U.S. at 687). In the context of a guilty plea, prejudice is "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Defendant again cannot succeed on the deficiency prong of the *Strickland* test. Elsewhere in his briefing, Defendant generally alleges Ms. Helphrey was deficient in her performance by not investigating the Government's claims or not presenting his claim of unreasonable search and seizure [2255 Br. at 20]. He also takes issue with her "manufactur[ing] a 'conflict of interest' claim

so she could abandon [his] defense at its most critical juncture." [2255 Br. at 20]. The Court is unpersuaded as to both arguments.

First, Defendant is mistaken as to the chronology of his case. In fact, Ms. Helphrey did challenge the evidence through motions to suppress statements and evidence, supporting briefs, argument at the two-day evidentiary hearing, and post-hearing supplemental briefing. [*See* Crim. ECF Nos. 20; 21; 74]. Furthermore, one of her motions was granted. Although the Court ultimately denied her motion to suppress evidence,[14] her briefs were well-written.[15] There was nothing constitutionally deficient about Ms. Helphrey's attempts to suppress the Government's evidence.

Second, Ms. Helphrey's motion to withdraw was in no way inherently improper and did not constitute constitutionally deficient performance, despite Defendant's claims to the contrary. Citing a conflict of interest, she moved to withdraw on November 12, 2013, well over a month before Defendant's December 16, 2013, deadline for pretrial motions and change of plea proceedings.

---

[14] The Court's twenty-nine pages of reasoning for its denial of the suppression motion will not be repeated here. [*See* Crim. ECF No. 78].

[15] Defendant now raises similar arguments to those originally raised by Ms. Helphrey in her briefings and inserts a few of his own. Now adding—completely unsupported in the judgment of this Court—allegations that Government agents forged his *Miranda* and Consent to Search forms, Defendant opines his stop was illegal, the dog alert was "physically impossible," the search was unlawful, and all resulting evidence was fruit of the poisonous tree. [2255 Br. at 30–40]. With respect to the forgery allegation, Defendant writes, "[Y]ou have been lied to by your own prosecutors and law enforcement officials, who took an oath as officers of the court to uphold justice and the Constitution. They also conspired with the agents on this case to lie and forge documents to the Court. . . . My wife and I both know these are forged documents and have hired a well-known handwriting expert to verify that both of these documents that you based your decision [on] are in fact forged." [2255 Br. at 5]. The Court's review of the video and audio recordings of the stop—including the many incriminating statements and detailed confessions made by Defendant therein, of the evidence introduced at the two-day-long suppression hearing, and of the testimony elicited during that hearing leaves it with no doubt that Defendant's new claims of governmental conspiracy and forgery are frivolous.

[Crim. ECF No. 84].  Mr. Lane entered his appearance on November 14, 2013, and continued his representation from thereon.  [Crim. ECF No. 86].  On December 16, 2013, in advance of Defendant's January 6, 2014, trial date, Defendant filed a notice of his intent to plead guilty through Mr. Lane.  [Crim. ECF No. 92].  In other words, Defendant was represented by Mr. Lane for well over a month before entering his guilty plea.  Ms. Helphrey's performance thus did not even cover the time-frame of Defendant's guilty plea.  Defendant had opportunity to challenge the Court's suppression ruling or Ms. Helphrey's underlying arguments through new counsel.  He could have done so between November 14, 2013, and December 16, 2013.  He also could have done so on direct appeal.  He chose not to.

Because Defendant cannot show deficiency of performance, the Court need not reach the prejudice prong of the *Strickland* test.  *Sidebottom v. Delo*, 46 F.3d 744, 754–55 (8th Cir. 1995) ("Because we conclude that trial counsel was not ineffective, we do not reach the prejudice prong of the ineffective assistance of counsel analysis.").  Even liberally construing Defendant's Fourth Amendment claims as one of ineffective assistance of counsel, the Court must deny him relief.  Without ineffective assistance of counsel as cause for his procedural default, Defendant is barred from arguing his Fourth Amendment claims here.  *See Thompson v. United States*, 7 F.3d 1377 (8th Cir. 1993) (per curiam) (where a defendant's claims of prosecutorial misconduct were an attempt to relitigate the validity of the stop, search, and seizure incident to arrest, the claims that could have been raised on direct appeal were procedurally defaulted in the § 2255 proceeding), *cert. denied*, 511 U.S. 1138 (1994).  It thus plainly and conclusively appears from the 2255 Motion and the record here that he is not entitled to relief on this issue.  The Court summarily dismisses the current claim.  *See* 28 U.S.C. § 2255; Rule 4(b) of the 2255 Rules.

*D. Alleged Governmental Misconduct*

Defendant next alleges prosecutorial misconduct in the form of law enforcement agents forging his signatures on the *Miranda* waiver form and the Consent to Search form.  He did not raise these claims pre-trial through first defense counsel, during his two-day suppression hearing,  pre-trial through second defense counsel, during his plea hearing, during his sentencing, during his forfeiture proceeding, or on his direct appeal.

To place his current claim in context, the Court deems it helpful to note the following.  In support of his forgery argument, and throughout his 64-page brief, Defendant accuses most of those involved in his case of lying and conspiring against him.  He accuses his first defense counsel of lying about the consequences of his plea [2255 Br. at 4, 21, 28], the law enforcement agents of lying about the  K-9 alert[16] and details of the stop [2255 Br. at 5, 10, 38, 44, 51, 54, 55], the law enforcement agents of forging his signatures  [2255 Br. at 5, 6, 7, 9, 11, 33, 38, 39, 40, 45, 46, 49, 51, 53, 56], Jack Cooper—the rented plane's owner— of lying at his forfeiture hearing [2255 Br. at 10, 55, 62], Jack Cooper of making a deal with the agents to have his airplane returned  [2255 Br. at 56], Defendant's father of lying about his coconspirator brother's lesser involvement [2255 Br. at 4, 64], Defendant's coconspirator brother of lying about his an his brother's respective levels of culpability [2255 Br. at 57], the prosecutors of lying and conspiring with the case agents to forge documents  [2255 Br. at 5, 46, 56], and the Court of falling prey to the myriad of the aforementioned

---

[16] Defendant's objection appears to lie with the K-9's reliability.  He suggests the bitter winds and the hermetic seal of the contraband with dryer sheets inside all point to "Ultro ('The Wonder Dog') simply want[ing] a treat or to play with his tennis ball." [2255 Br. at 5].  Defendant argues that, "[l]ike the rest of the evidence against [him], it was either fabricated by the government officials or just a pack of lies to begin with."  *Id.*  The Court has reviewed the relevant video on multiple occasions and notes Defendant's argument is unsupported.

alleged lies.  Defendant assigns blame to these parties and professes his own innocence.  In doing so, he does not account for his numerous inculpating statements, his detailed confessions as to drug trafficking,[17] or his guilty plea taken under oath.

Not reaching the merits of Defendant's forgery arguments, however, the Court finds his prosecutorial misconduct claim barred due to his failure to raise the matter on direct appeal. *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012) ("[A] petitioner may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction.").  As the Court has noted before, a showing of cause and actual prejudice can allow a new claim to survive default.  *See id.*; *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he [or she] is actually innocent." (internal quotation marks and citation omitted)).[18]

Defendant has not shown cause for his default, and the Court's analysis ends here.  *Joubert v. Hopkins*, 75 F.3d 1232, 1242 (8th Cir. 1996) ("A federal habeas court may consider a petitioner's procedurally defaulted claims if the petitioner establishes both cause for and prejudice from his [or her] default." (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)).  He has pointed to no external factor as cause for failing to raise his prosecutorial misconduct claim on direct appeal.  *See, e.g.*, *id.* ("To

---

[17] The Court has watched and listened to the videos at issue on multiple occasions. Defendant's requests that the Court "demand to see that video tape and then issue arrest warrants for both Agent Allen and Agent Hoagland" are moot and otherwise denied.  [*See* 2255 Br. at 45, 49, 53, 56].

[18] Actual innocence means factual innocence, not mere legal insufficiency.  *Jennings*, 696 F.3d at 764–65.  Defendant did not raise a proper actual innocence claim here.

establish cause, a petitioner must show that some objective factor external to the defense prevented him from presenting or developing the factual or legal basis of his constitutional claim." (citing *Murray*, 477 U.S. at 488–89)).  Consequently, he cannot bring the claim in this § 2255 proceeding.[19] With Defendant having procedurally defaulted his prosecutorial misconduct claim, it plainly and conclusively appears from the 2255 Motion and the record here that he is not entitled to relief thereon.  The Court summarily dismisses it.  *See* 28 U.S.C. § 2255; Rule 4(b) of the 2255 Rules.

### E. Alleged Non-Existence of Conspiracy

Defendant next argues the Court should order his immediate release from prison because a lack of an agreement between him and his brother—gleaned from his brother's recent filing—establishes "as a matter of law there [was] no conspiracy."  [2255 Br. at 57].  Needless to say, any such self-serving statement of a convicted coconspirator is not proper evidence before this Court as to Defendant's culpability.[20]  Liberally construing Defendant's discussion as a challenge to the Court's evidentiary rulings or to the sufficiency of the evidence against him, the Court finds any such claims were procedurally defaulted when Defendant did not raise them on direct appeal through Mr. Lane.  *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir.1994) (A movant "cannot

---

[19]  *See also United States v. Smith*, No. 8:04CR190, 2010 WL 481000, at *1 (D. Neb. Feb. 4, 2010) (not reported) ("No objective external factor impeded Smith from raising on direct appeal that there was prosecutorial misconduct underlying Smith's conviction. Since Smith failed to raise the issue of prosecutorial misconduct upon direct appeal, and this procedural default is non-excusable, Smith is now barred from raising his prosecutorial misconduct argument here in the context of his § 2255 motion."); *Kiderlen v. United States*, No. 4:09CV01178 ERW, 2010 WL 1539179, at *8 (E.D. Mo. Apr. 19, 2010) (not reported) (where prosecutorial misconduct was not raised on appeal, the claim was procedurally defaulted).

[20]  Furthermore, the Court notes Defendant's guilty plea was to conspiring with "other persons, and particularly Manny and Nuszeb."  [Crim. ECF No. 119 at 34].  Defendant specifically refused to admit to conspiring with his brother.  [Crim. ECF No. 119 at 32–34].  In other words, even if Defendant's argument were legally sound, his brother's statement would remain irrelevant.

raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not.").  In light of the procedural default, it plainly and conclusively appears from the 2255 Motion and the record here that Defendant is not entitled to relief on his claim of insufficiency of the evidence as to conspiracy.  The Court thus summarily dismisses the claim.  *See* 28 U.S.C. § 2255; Rule 4(b) of the 2255 Rules.

### F. Alleged Errors in Forfeiture and Sentencing

Next, Defendant takes issue with his (1) forfeiture, (2) restitution, and (3) "other sentencing errors."  [2255 Br. at 61–64].  None of these allegations entitle Defendant to relief.

Defendant's forfeiture[21] and restitution[22] were affirmed by the Eighth Circuit.  [Crim. ECF No. 255-1 at 4–7].  He is not entitled to relitigate them here.  *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255."), *cert. denied*, 534 U.S. 1083 (2002).[23]

It appears the "other sentencing errors" Defendant asks the Court to reverse are that Defendant's coconspirator brother, whom he deems to be the actual "'con man' that duped [him], rather than vice versa" [2255 Br. at 61], received a lesser sentence.  Like his previous objections,

---

[21] The Eighth Circuit affirmed the forfeiture of two planes this Court had deemed forfeitable based on actual or intended use in the crime.

[22] This Court had ordered Defendant to pay $5,000 in restitution to Jack Cooper for the damage caused to the plane he rented from him.  That amount was less than the total requested by Cooper.

[23] Defendant now, for the first time, also challenges the Government's "seizure" of his wife's car.  [2255 Br. at 63].  Any such seizure was not part of this Court's sentencing proceeding or its forfeiture orders in the underlying criminal case.  This Court thus has no oversight over the matter.

-20-

his within-the-guideline-range sentence,[24] driven by this Court's finding of attributable drug quantity, was approved by the Eighth Circuit. Defendant now appears to challenge his sentence from the standpoint of disparity with that of his coconspirator brother. Defendant's role in the offense, however, is a guideline interpretation issue.[25] "Ordinary questions of guideline interpretation falling short of the miscarriage of justice standard[26] do not present a proper section 2255 claim." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (internal citation and quotation marks omitted).[27]

For these reasons, it plainly and conclusively appears from the 2255 Motion and the record below that Defendant is not entitled to relief on his claims of sentencing-related errors. The Court thus summarily dismisses them as well. *See* 28 U.S.C. § 2255; Rule 4(b) of the 2255 Rules.

---

[24] Defendant's range was 57–71 months, based in part on this Court's finding that a drug quantity of 100–400 kg of marijuana was attributable to Defendant as part of the conspiracy. The Court sentenced Defendant to a term of 57 months' imprisonment on each of the two counts, to run concurrently.

[25] The Court applied (+2) role adjustment of §3B1.3 of the United States Sentencing Guidelines in calculating Defendant's adjusted offense level and initial range. [Crim. ECF No. 196 at 15].

[26] "[T]he permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear*, 644 F.3d at 704 (internal citation and quotation marks omitted). There is no visible legal error, defect, or miscarriage of justice here.

[27] Even if it were properly before the Court, Defendant's claim would not entitle him to relief. *United States v. Flowers*, 155 F. App'x 251, 251 (8th Cir. 2005) ("A codefendant's lesser sentence is not sufficient reason for setting aside [defendant's] sentence."); *United States v. Buckendahl*, 251 F.3d 753, 758–59 (8th Cir.) (sentencing disparities between coconspirators are not proper basis for sentence reduction), *cert. denied*, 534 U.S. 1049 (2001).

*G. Alleged Ineffective Assistance of Counsel*

Finally, the Court turns to Defendant's allegations of ineffective assistance of counsel by Ms. Helphrey.  In his briefing, Defendant appears to base his claim of ineffectiveness on Ms. Helphrey's (1) withdrawal based on a conflict of interest; (2) failure to present claims of improper venue, Speedy Trial Act violations, governmental misconduct, and unreasonable search and seizure; and (3) alleged lying as to the definition and consequences of taking an "open plea."  [2255 Br. at 18–22].  The Court has addressed matters (1) and (2) earlier in this Order and will not repeat itself here.  As noted, Ms. Helphrey's performance did not rise to the level of ineffective assistance of counsel.

As to Defendant's claim in (3), the Court understands it to target the voluntariness and knowingness of his plea.  [*See* 2255 Br. at 21 ("Especially in my case where Attorney Helphrey actually lied to me and my wife saying that if I took an 'open plea' that all of my issues such as Venue, Speedy Trial and Unreasonable Search and Seizure would be preserved[.] . . . [M]y new court appointed attorney confirmed that by taking a plea I effectively wiped out all of my pre-trial claims and defenses.  That, I certainly did not mean to do.")].  To establish ineffectiveness of counsel, Defendant must show both (1) that defense counsel's representation fell below an objective standard of reasonableness (the deficiency prong) and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different (the prejudice prong).  *Smith v. Spisak*, 558 U.S. 139, 149 (2010) (citing *Strickland*, 466 U.S. at 694).

Assuming deficiency of performance in this case—though it has not been established—the Court finds Defendant has not shown prejudice.  Namely, despite Ms. Helphrey's withdrawal from the case and Defendant's "new court appointed attorney confirm[ing] that by taking a plea

[Defendant] effectively wiped out all of [his] pre-trial claims and defenses" [2255 Br. at 21],

Defendant proceeded to plead guilty one month after Mr. Lane's appointment.  In other words, no

prejudice followed any alleged misrepresentation by Ms. Helprey[28] as to the consequences of an

"open" guilty plea.  *See Matthews*, 114 F.3d at 113–14 ("In the context of a guilty plea, prejudice is

a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." (internal citation and quotation marks omitted)).  Without a showing

of prejudice, Defendant cannot establish ineffective assistance of counsel.

 In conclusion, none of Defendant's ineffectiveness of counsel allegations affords him relief.

It thus plainly and conclusively appears from the 2255 Motion and the record in this case that

Defendant is not entitled to relief on his claims of ineffective assistance of counsel.  The Court

summarily dismisses them.  *See* 28 U.S.C. § 2255; Rule 4(b) of the 2255 Rules.

### IV. EVIDENTIARY HEARING

 Defendant is not entitled to an evidentiary hearing.  Generally, § 2255 requires a hearing for

the Court to determine the issues and make findings of fact with respect thereto.  *See*

28 U.S.C. § 2255.  A hearing is not required, however, where the motion and the files and records

of the case conclusively show that relief is not available.  *Id.*  Because Defendant has not made the

requisite showing, a hearing is unnecessary.

---

[28] To be clear, the Court does not make a finding of deficiency.  In fact, the very letter Defendant attaches to his 2255 Brief shows Ms. Helphrey competently laying out some consequences of an open plea.  [Civ. ECF No. 1-2 at 12–14 ("However, with an open plea, [the AUSA] is unwilling to agree to the conditional plea.  All issues relevant to sentencing would be open to argument by both parties and your rights to appeal your motion would be lost. The only other way to preserve your appeal rights relating to your pretrial motions, is to proceed to trial.")].

## V. CERTIFICATE OF APPEALABILITY

Finally, the Court denies Defendant a certificate of appealability. Pursuant to Rule 11(a) of the 2255 Rules, the Court must either issue or deny a certificate of appealability when it enters a final order adverse to a movant. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22. A certificate of appealability may issue only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A showing is substantial when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citation omitted). Defendant has not made a substantial showing of a denial of a constitutional right. Consequently, no certificate of appealability will follow here. Defendant may request issuance of a certificate of appealability by a judge of the Eighth Circuit. *See* Fed. R. App. P. 22.

## VI. CONCLUSION

The Court has carefully reviewed Defendant's 28 U.S.C. § 2255 Motion and the record of the prior proceedings in the criminal case. It plainly and conclusively appears from the face of the motion and the files and records of the case that Defendant is not entitled to relief; therefore, the Court must summarily dismiss the 2255 Motion.

IT IS THEREFORE ORDERED that Angelo Peter Efthimiatos's Motion to Vacate, Set Aside, or Correct Sentence [Civ. ECF No. 1] under 28 U.S.C. § 2255 is DENIED. The 2255 Motion in this matter is hereby dismissed.

IT IS FURTHER ORDERED that Defendant's outstanding motions in the civil case [Civ.

ECF Nos. 3; 4; 5; 6] and the criminal case [Crim. ECF Nos. 264; 266] are DENIED as moot.

This matter is dismissed in its entirety.  The clerk shall enter judgment in favor of the United

States.

IT IS SO ORDERED.

Dated this 23rd day of June, 2015.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT